R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAY 2 0 2019

FILED_____ _____
DOCKETED_____ 
                          DATE          INITIAL

## Case No. 19-55310

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

Peter Strojnik (Sr.)

Plaintiff – Appellant,

v.

Singpoli Group, LLC dba Dusitd2 Hotel Constance Pasadena

Defendants – Appellees

Appeal from the United States District Court for the Central District of California

# APPELLANT'S OPENING BRIEF

Peter Strojnik (Sr.)
7847 N. Central Avenue
Phoenix, Arizona 85020
*Pro se*

## TABLE OF CONTENTS

|  TITLE | PAGE |
|---|---|
| Table of Contents…………………………………………………… | 2 |
| Table of Authorities………………………………………………… | 3 |
| Jurisdictional Statement…………………………………………… | 5 |
| Statement of Issues for Review………………………………….... | 6 |
| Statement of the Case……………………………………………… | 6 |
| Statement of Facts Relevant to the Issues……………………………… | 7 |
| Summary of Appellant's Argument…………………………………… | 7 |
| Argument……………………………………………………………… | 9 |
| Conclusion…………………………………………………………… | 18 |
| Statement of Related Cases………………………………………… | 18 |
| Certificate of Compliance of Brief………………………………… | 19 |
| Certificate of Service………………………………………………… | 20 |

## TABLE OF AUTHORITIES

**AUTHORITY**               **PAGE(s)**

*Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)…………………………………………………………… 14

*Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976)……. 17

*Armant v.Marquez*, 772 F.2d 552, 556-57 (9th Cir. 1985)………… 15

*BE & K Constr. Co. v. NLRB,* 536 U.S. 516, 524, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002)……………………………………………… 8, 16

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011)…………………………………………………………….. 13

*Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017)………….. 13

*Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985)………………………………………………………….. 8, 9

*In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994)…………………... 12

*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006)……………………………………………… 6, 78, 9

*Int'l Union of Operating Eng'rs v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993)…………………………………………………………….. 12

*Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir.), *cert. denied*, 488 U.S. 819 (1988)…………………………… 10

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)………… 12

*Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002)……………………………………………………………. 13

*United Mine Workers v. Illinois Bar Assn.,* 389 U.S. 217, 222, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967))…………………………………… 16

*United States v. Nat. Med. Enters., Inc.,* 792 F.2d 906, 912 (9th Cir. 1986)……………………………………………………………. 8, 10

*United States v. National Medical Centers, Inc.,* 792 F.2d 906, 910 (9th Cir. 1986)………………………………………………………... 9

28 U.S.C. § 1331………………………………………………………. 5

28 U.S.C. § 1367…………………………………………………,……. 5

28 U.S.C. § 1291……………………………………………………... 5

28CRF36.302(e)…………………………………………………… 7

## JURISDICTIONAL STATEMENT

### A. Basis for District Court's Subject-Matter Jurisdiction

The District Court had federal question jurisdiction. 28 U.S.C. § 1331. Appellant sued Appellee in the Central District of California pursuant to the Americans with Disabilities Act. The District Court had pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

### B. Basis for Claiming Judgment is Final

The basis for this Court's jurisdiction of this appeal is found in 28 U.S.C. § 1291. The District Court's decision to dismiss Plaintiff's complaint with prejudice is a final decision.

### C. Filing Dates Establishing Timeliness of Appeal

Appellant timely mailed his Notice of Appeal to the District Court on November March 12, 2019 and entered by the District Court on March 18, 2019. The Notice of Appeal was filed within thirty days from the District Court's order from which this appeal lies.

### D. Assertion That Appeal is From Final Order and Judgment

Appellant appeals a final order and judgment. The District Court entered a final order on February 14, 2019 when it *sua sponte* dismissed Appellant's Complaint, which disposed of all of Appellant's claims.

5

## STATEMENT OF ISSUES FOR REVIEW

1) Whether the District Court abused its discretion in dismissing the complaint with prejudice for Appellant's unintentional failure to timely serve Central District's ADA Packet ("ADA Packet") on Appellee; and

2) Whether the District Court's analysis of the *Phenylpropanolamine*[1] factors was in clear error of judgment and contrary to law.

## STATEMENT OF THE CASE

Appellant sued Appellee Singpoli Group, LLC for violations of the Americans with Disabilities Act (Title III) and corresponding state law Unruh Civil Rights Act, the California Disabled Persons Act, and negligence.

Appellant alleged that Appellee owns or operates a public lodging facility. Appellant contended that he personally experienced 15 separate barriers to access in Appellee's public lodging facilities when he stayed there the night of October 14-14, 2018. *See* Complaint, Excerpt of Record ("ER") 1.

On January 25, 2019, the District Court *sua sponte* issued an Order to Show cause as to why the Complaint should not be dismissed for lack of service of the ADA Packet on Defendant. Appellant responded on February 1, 2019, stating in part, that Appellant's error was due to his unfamiliarity with the requirements of

---

[1] *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

Central District rules. On February 14, 2019, the Court dismissed the case with prejudice.

## STATEMENT OF FACTS RELEVANT TO THE ISSUES

On January 3, 2018, Appellant filed a Complaint alleging that he is a disabled individual as defined by the ADA and Unruh, that he lodged at the Defendant's Hotel on October 13, 2018, and that he encountered violations of 28 CFR 36.302(e) and 13 distinctly documented architectural barriers. ER 1.

Defendant timely Answered on January 24, 2019. ER 2[2]. The following day, January 25, 2019, the Court issued the OSC why the case should not be dismissed for failure to serve the ADA packet. ER 3. Appellant timely responded. ER 4. On February 14, 2019, the District Court dismissed the case with prejudice. ER 5. (Hereinafter "Order") Appellant subsequently served the ADA Packet on Appellee and, on February 28, 2019, filed a Motion to Reconsider. ER 6. In order to preserve his appeal rights, Appellant filed a timely Notice of Appeal, ER 8. On March 8, 2019, the court struck Appellant's Motion to Reconsider.

## SUMMARY OF APPELLANT'S ARGUMENT

Appellant contends that the District Court committed error because:

---

[2] The Answer disclosed that the hotel facility in issue was actually owned, operated, leased or leased to Park Place Commercial, LC and not Singpoli Group, LLC.

1. "The sanction of dismissal should be imposed only in extreme circumstances [where] deceptive conduct is willful, in bad faith, or relates to matters in controversy in such a way as to interfere with the rightful decision of the case." *United States v. Nat. Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). District court committed abuse of discretion because no such extreme circumstances exist here.

2. Appellant committed a single violation; therefore, the sanction of dismissal was improper under *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985) The dismissal was improper under *Fjelstad* because Appellant committed a single violation.

3. The District Court consideration of the *Phenylpropanolamine* factors was contrary to law and a clear error of judgment because the court's factual analysis (a) was not supported by evidence and (b) failed to weigh the relative importance of each factor. The court weighed the standards numerically, assigning each equal value. However, factors 4 (favoring disposition on the merits) and 5 (less drastic sanctions), both arise out of Appellant's First Amendment right to "petition the Government for a redress of grievances" which is "one of `the most precious of the liberties safeguarded by the Bill of Rights,'" *BE & K Constr. Co. v. NLRB*, infra., while factors 1 (expeditious resolution of litigation) and 2 (docket

8

management), although important to the orderly administration of justice, do not arise to the same level of constitutional gravitas.

## ARGUMENT

### 1. <u>Applicable Standard of Review</u>

Generally, the 9th Circuit Court of Appeals reviews sanctions imposed by a district court for abuse of discretion and will not reverse absent a definite and firm conviction that the district court made a clear error of judgment. *United States v. National Medical Centers, Inc.*, 792 F.2d 906, 910 (9th Cir. 1986) As a matter of standing law, the following principles for review apply:

1. Where the drastic sanctions of dismissal or default are ordered, the range of discretion for a district court is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith. *Fjelstad,* 762 F.2d at 1337.

2. Where a single violation, even if willful, is insufficient to support a sanction of dismissal. *Fjelstad*, 762 F.2d at 1343 (single willful violation insufficient for dismissal sanction.)

3. Before dismissing an action, the district court must consider less drastic sanctions. *United States v. National Medical Centers, Inc.,* 792 F.2d at 912.

### 2. **The District Court Abused its Discretion in Dismissing With Prejudice the Entire Action.**

9

Prior to imposing the sanction of dismissal, there are several factors the court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir.), *cert. denied*, 488 U.S. 819 (1988)

"The sanction of dismissal should be imposed only in extreme circumstances [where] deceptive conduct is willful, in bad faith, or relates to matters in controversy in such a way as to interfere with the rightful decision of the case." *United States v. Nat. Med. Enters., Inc.* supra. "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Id.*

Appellant inadvertently failed to serve the ADA Packet on Defendant incorrectly believing, however, that it had been served and being unfamiliar with Central District Court's rules. ER 4. There is, nor can there be, any *motive* for *contumacious* defiance or any other type of deceptive or willful conduct. The district court did not find that Appellant's failure was willful or in bad faith; it simply found that Appellant is a notable litigant who should have known better. Nor did the Court permit Appellant's cause of action to continue once Appellant served the ADA Packed on Defendant's Counsel.

The District's dismissal of Appellant's Complaint was in error and should be overturned.

### 3. District Court's Weighing of *Phenylpropanolamine* Factors Was A Clear Error of Judgment and Contrary to Law

#### A. Introduction

The *Phenylpropanolamine* factors are not listed in the order of gravitas. Factors one (public's interest in expeditious resolution of litigation) and two (the court's need to manage its docket), while important in their own right, are based on seamless operations of the Court. They are based on considerations of convenience and expediency, but do not impact the constitutional rights of either party.

On the other hand, factor three (the risk of prejudice to defendants), is based on a fundamental a standard of fairness and due process which are important constitutional imperatives. This factor carries more weight in the analysis than the first two.

Factor 4 (disposition of cases on their merits) arises directly out of 1st Amendment Right to redress grievances and demand the greatest weight. Lastly, factor 5 (the availability of less drastic actions) is a recognition of the paramount importance of factor 4.

These factors are to be weighed and analyzed in the rank of importance. The analytical exercise demands more than just a numerical score like a hockey game. If the Courts considered only a numerical score, then factors 1 and 4 would always

cancel each other out: Factor 1 (expeditious resolution) *always* favors dismissal and factor 4 (decisions on the merits) *never* favors dismissal. There must be a jurisprudential, not an arithmetic, analysis.

Nonetheless, the factors are discussed in the same order as the district court.

## B. Factors 1 and 2 do not Warrant Dismissal; to the Contrary, they Weigh against Dismissal

The first factor – the public interest in expeditious resolution of litigation – "always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The second factor – the court's need to manage its docket – is "usually reviewed in conjunction with the public's interest in expeditious resolution of litigation." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). The District Court stated:

> The first factor favors dismissal. Plaintiff's failure to comply with the Court's Order to serve the ADA packet has delayed the litigation. Moreover, the purpose of the ADA packet is to introduce all parties to the availability of an alternative dispute resolution process implemented by the Court to facilitate early resolution of ADA access cases. As to the second factor, where possible, the process is meant to allow for resolution of these cases with minimal Court involvement.

A dismissal with prejudice "constitutes a final judgment on the merits, and prevents [the plaintiff] from reasserting the same claim in a subsequent action against [the same defendant]." *Int'l Union of Operating Eng'rs v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) This form of sanction is effective to foreclose litigation

12

and clear the docket only where a complaint alleges a time specific and distinct wrong.

In the ADA context, however, "[s]o long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002) (quoting 42 U.S.C. § 12188(a)(1)); *See* also *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017) (*CREEC*) and *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) (en banc), both confirming that an ADA plaintiff experiences continuing adverse effects where a defendant's failure to comply with the ADA deters him from making use of the defendant's facility. *CREEC*, 631 F.3d at 953.

Since Appellant's ADA injury is not a time specific but continuous, Appellant has a continuing standing to refile the very same claim asserted in the original complaint based on post-dismissal ongoing violation of the ADA, provided that the (1) discriminatory conduct continues, (2) Appellant is aware of it and (3) he remains deterred.

Therefore, in the context of ADA litigation, factors 1 and 2 do not *always* favor dismissal. Where a plaintiff decides to refile, the litigation process is delayed even further. This negates factor 1. Nor does refiling assist the court in managing

13

its own docket. To the contrary, it creates yet another docket[3]. This negates factor 2.

## C. Factor 3 – the Risk of Prejudice to Defendant – is not Supported by the Evidence.

The third factor – the risk of prejudice to Defendants – does not support dismissal. A defendant is prejudiced "if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Here, the district court found that "[t]he third factor favors dismissal as Defendant was not alerted to the existence of an alternative dispute resolution process that can lead to early resolution of the action and cost savings." Order at p 3.

First, it is entirely unclear whether Appellee's attorney, a learned counsel practicing in the Central District, was unaware of the Court's standing ADA orders. Nor does the Court's factual finding suggest that either the Appellee's ability to go to trial or to make a rightful decision were prejudiced. If Appellee was indeed prejudiced, he should have at least shown that prejudice resulted from the untimely

---

[3] Appellant's right to file a new action has been chilled by the district court's dismissal for two reasons. First, Appellant feels that the orderly administration of this case favors appeal is the more appropriate method of resolution and, Second, Appellant fears that filing a new complaint would be viewed by the district court unfavorably.

14

service of the ADA packet. *See Armant v.Marquez*, 772 F.2d 552, 556-57 (9th Cir. 1985) But Appellee chose to remain silent.

Further, there could have been no prejudice. According to footnote 2 of the Order, the District Court expressed its requirement that "all counsel and all parties comply with easily ascertainable Court procedures and with all Court orders". The ADA Packet is designed as Form ADR-20 and is available on the District Court's website at https://www.cacd.uscourts.gov/forms/notice-parties-ada-disability-access-litigation. Thus, the requirements of the ADA Packet are easily ascertainable, particularly to a learned counsel practicing in the Central District. Under the Court's requirement that *all* parties comply with easily ascertainable court procedures, Appellee's learned counsel was – as Appellant should have been – aware of this Court procedure. Yet, Appellee did no assert its own lack of knowledge of the ADA Packet or any consequential unfairness. Appellee remained silent. Appellee did not assert its own prejudice because there could have been no prejudice. The OSC was issued one day after Appellee filed its Answer. Appellee was aware of it yet it remained on the sidelines. Had there been any prejudice, Appellee would have been reasonably expected to alert the court and the parties that he was indeed aware of the "easily ascertainable court procedure", and that he was not, therefore, prejudiced. Appellee's awareness of this easily ascertainable court procedure, and the attendant lack of prejudice, mitigates against dismissal.

**D. The District Court Correctly Found that Factor 4 Weighted Against Dismissal; However, Since Factor 4 is a Constitutional Factor, it is Entitled to Greater Weight than Factors 1 and 2 Combined.**

Appellant's First Amendment right to "petition the Government for a redress of grievances" — which includes the filing of lawsuits —is "one of `the most precious of the liberties safeguarded by the Bill of Rights.'" *BE & K Constr. Co. v. NLRB,* 536 U.S. 516, 524, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002) (quoting *United Mine Workers v. Illinois Bar Assn.,* 389 U.S. 217, 222, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967)).

The district court correctly found that "the fourth factor, as it always does, weighs against dismissal". The district court then weighed the importance of this factor the same as other factors and assigned it the numerical value of "1", the same as each of the other factors. This was error because Appellant's 1st Amendment right to redress his grievance outweighs factors 1 and 2 that are based on managerial practicality.

Appellant agrees with the district court that factor 4 always favors against dismissal. Appellant disagrees, however, with the district court's assigning this factor the same weight as to each of the other factors.

**E. The District Court did not Consider Lesser Sanctions but Simply Stated that "no Lesser Sanction will Compel Appellant to Comply with the Court's Order".**

With respect to factor 5, the District Court stated:

16

The fifth factor also weighs in favor of dismissal. The Court ordered Plaintiff, an experienced attorney appearing pro se, to serve a packet of documents on Defendant. He failed to do so. The Court issued the OSC, alerting Plaintiff of his failure to serve the ADA packet, and specifically warning him of the consequences of the failure to comply. Instead of availing himself of the second chance to comply with the Court's order, he provided "evidence" that was already part of the Court record, and that did not support his assertion that he had served the ADA packet. He also responded that he was unfamiliar with the Court's procedures and that he hoped the Court would be satisfied with his late compliance. As an experienced ADA litigator, Plaintiff clearly understood that the Court has specific procedures he must follow, and Plaintiff would have understood his obligation to serve the ADA packet had he reviewed the Notice to Parties. Plaintiff was warned that his failure to comply would result in dismissal; nevertheless, he failed to comply, preferring to hide behind the implication that he was an inexperienced pro se litigant. Under these circumstance[sic], the Court finds that no lesser sanction will compel Plaintiff to comply with the Court's Order.

This statement by the district court is an insufficient consideration of lesser sanctions. This court has said that the consideration of less severe penalties must be a reasonable explanation of possible and meaningful alternatives. *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976). The district court did not make such an explanation. The fact that Appellant is a notable ADA litigator does not address lesser sanctions. The fact that Appellant is an experienced pro se litigant does not address lesser sanctions. The fact that Appellant was warned show no relevancy to lesser sanctions. The fact that Appellant did not follow the rules is inapposite to the question of lesser sanctions.

A positive lesser sanction would have been a minor monetary sanction, but this type of sanction went unconsidered. Factor 5 was misapplied by the district court.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests the District Court's dismissal with prejudice be reversed and remanded with instructions.

## STATEMENT OF RELATED CASES

There are no related cases that fit the criteria set forth in Circuit Rule 28-2.6.

RESPECTFULLY SUBMITTED this 15th day of May, 2019.

Peter Strojnik (Sr.)
Pro Per

## CERTIFICATE OF COMPLIANCE OF BRIEF

**9th Cir. Case Number:** 19-55310

I am the attorney or self-represented party.

**This brief contains 3629 words** in total. The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief:

[ x ] complies with the word limit of Cir. R. 32-1.

Signature _____ Date 2019-05-15

## CERTIFICATE OF SERVICE

**9th Cir. Case Number(s)** _19 – 55310_

**Case Name**: *Peter Strojnik (Sr.) Singpoli Group, LLC dba Dusitd2 Hotel Constance Pasadena*

I certify that I served on the person(s) listed below by mail the Appellant's Opening Brief and Excerpt of Record.

**Signature** _____ **Date** _2019-05-15_

| Name | Address | Date Served |
|---|---|---|
| Clerk, U.S. Court of Appeals for the Ninth Circuit (Original and 6 copies) | James R. Browning Courthouse U.S. Court of Appeals P.O. Box 193939 San Francisco, California 94119 | 2019-05-14 |
| PHILIP Y. KIM, Esq. Attorney for Appellee (One Copy) | 25 E Foothill Blvd. Arcadia, CA. 91006 | 2019-05-14 |

**Signature** _____ **Date** _2019-05-15_