**Case No. 19-55310**
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Peter Strojnik (Sr.)

*Plaintiff-Appellant*,

v.

Singpoli Group, LLC dba Dusitd2 Hotel Constance Pasadena

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Central District of California
No. 2:19-cv-00066-JLS-AGR
Hon. Josephine L. Staton

## APPELLEE'S ANSWERING BRIEF

Philip Y Kim, Esq.
Law Offices of Philip Y Kim, APC
25 E. Foothill Blvd., Arcadia, CA 91006
Tel: 909-762-1616
Email: pyklaw@gmail.com

*Attorneys for Appellee*
Singpoli Group, LLC

## TABLE OF CONTENT

**Page(s)**

Table of Contents………………………………………………………..…………ii

Table of Authorities……………………………………………………….……….iii

Statement of Issues Presented For Review……………………………………………1

Concise Statement of the Case……………………………………………………...1

Summary of Argument……………………………………………………………...3

Argument………………………………………………………………………………4

Conclusion…………………………………………………………………………..9

Statement of Related Cases……………………………………………………………9

Certificate of Compliance of Brief………………………………………….......10

Certificate of Service………………………………………………………………11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fendler v. Westgate-California Corp.*,
  527 F.2d 1168 (1975)……………………………………………….4

*Anderson v. Air West, Inc.*,
  542 F.2d 522, 524 (1976)……………….………………………...4

*States Steamship Co. v. Philippine Air Lines*,
  426 F.2d 803 (1970)……………………………………………….4

*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*,
  460 F.3d 1217, 1226 (2006)………………………………………5

**Rules**

  FRCP 41(b) ................................................................................ 1,2,4,7

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

Whether the District Court abused its discretion in dismissing the complaint with prejudice after Appellant's multiple failures to comply with the court's orders that clearly stated that failure to do so will result in dismissal of the present action.

## CONCISE STATEMENT OF THE CASE

On January 8, 2019, the Court issued a Notice to Parties: ADA Disability Access Litigation that ordered Plaintiff to serve three documents on the defendant(s) within a specified time period. (See Docket Report ("Doc.") No 7, Excerpt of Record ("ER") 9)  The Court also ordered Plaintiff to file a proof of service indicating that the Notice to Parties, the Application to Stay, and the [Proposed] Order Granting Application to Stay (collectively, the "ADA" packet") were served on defendant(s).

On January 24, 2019, defendant Singpoli Group, LLC answered the complaint since it was not served with ADA packet. (See Doc. No 9, ER 9)

On January 25, 2019, The District Court issued an Order to Show Cause regarding service of the ADA Notice ("OSC").  The OSC stated in pertinent part as follows:

"Unless excused, failure to obey the Court's Order requiring service of the ADA packet will result in dismissal pursuant to Federal Rule of Civil Procedure 41(b).  Rule 41(b) authorizes dismissal of an action where "the plaintiff fails to

1

prosecute or to comply with these rules or a court order." Id. Although the language of Rule 41(b) contemplates dismissal upon motion by the defendant, the Court's inherent power allows it to dismiss sua sponte under Rule 41(b)...Failure to comply with any of the Orders enumerated above will result in dismissal of the present action pursuant to Rule 41(b)...Repeated failures to comply with this Court's Orders, may result in dismissal of an action with prejudice, imposition of monetary sanctions, and/or a finding of civil contempt." (See Doc. 12, ER 4)

The OSC required the service of the 1) ADA Packet, 2) filing of a proof of service of the ADA Packet, and 3) separate response to the OSC within 10 days of the entry of the OSC. Therefore, the deadline to comply with the OSC was February 4, 2019.

However, Plaintiff failed to serve the ADA Packet on Defendant and failed to file a proof of service regarding the same. Instead, on February 6, 2019, two days past the Court ordered deadline, Plaintiff filed his response to the OSC. (See ER 4)

On February 14, 2019, after giving Plaintiff 10 additional days to comply with the Court's order, the Court issued it's order dismissing the case with prejudice. (See ER 5).

Plaintiff, after a failed attempt at a motion for reconsideration, appealed from the order of dismissal.

## SUMMARY OF ARGUMENT

Appellee contends that the District Court properly dismissed Plaintiff's case with prejudice because:

1. The District Court's order was proper because the court's conclusions were supported by evidence. The District Court appropriately applied the *Phenylpropanolamine* five factor analysis and based on the court's discretion dismissed the case with prejudice.

2. Plaintiff committed multiple court violations. The first violation was the failure to comply with the Notice to Parties. The second violation was the failure to comply with the OSC. Finally, there is nothing in the record to show that the Appellant ever served the ADA packet.

3. Appellant was clearly warned. The OSC clearly stated that "repeated failures to comply with this Court's Orders, may result in dismissal with prejudice." Appellant was warned but he did not care.

///

///

# ARGUMENT

## 1. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT DISMISSED APPELLANT'S ACTION WITH PREJUDICE PURSUANT TO FED R. CIV. P. 41(b).

### A. Standard of Review

The court of appeals will overturn a district court's dismissal pursuant to Fed. R. Civ. P. 41(b) only where it is apparent that the court abused its discretion. *Fendler v. Westgate-California Corp.*, 527 F.2d 1168 (CA9 1975) The trial court's order should not be disturbed unless there is "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (CA9 1976); *States Steamship Co. v. Philippine Air Lines*, 426 F.2d 803 (CA9 1970).

### B. The District Court's Order Was Proper Because the Court's Conclusions Were Supported By Evidence.

Fed. R. Civ. P. 41(b) states in pertinent part as follows:

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule…operates as an adjudication on the merits."

Courts are to weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. (*In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006)).

The District Court appropriately applied the five factor analysis in it's order. The District Court in its order for dismissal regarding the five factors stated in pertinent part as follows:

> The first factor favors dismissal. Plaintiff's failure to comply with the Court's Order to serve the ADA packet has delayed the litigation. Moreover, the purpose of the ADA packet is to introduce all parties to the availability of an alternative dispute resolution process implemented by the Court to facilitate early resolution of ADA access cases. As to the second factor, where possible, the process is meant to allow for resolution of these cases with minimal Court involvement. Thus, second factor also favors dismissal. The third factor favors dismissal as Defendant was not alerted to the existence of an alternative dispute resolution process that can lead to early resolution of the action and cost savings. The fourth factor, as it always does, weighs against dismissal. The fifth factor also weighs in favor of dismissal. The Court ordered Plaintiff, an experienced attorney appearing pro se, to serve a packet of documents on Defendant. He failed to do so. The Court issued the OSC, alerting Plaintiff of his failure to serve the ADA packet, and specifically warning him of the consequences of the failure to comply. Instead of availing himself of the second chance to comply with the Court's order, he provided "evidence" that was already part of the Court record, and that did not support his assertion that he had served the ADA packet. He also responded that he was unfamiliar with the Court's procedures and that he hoped the Court would be satisfied with his late

5

compliance. As an experienced ADA litigator, Plaintiff clearly understood that the Court has specific procedures he must follow, and Plaintiff would have understood his obligation to serve the ADA packet had he reviewed the Notice to Parties. Plaintiff was warned that his failure to comply would result in dismissal; nevertheless, he failed to comply, preferring to hide behind the implication that he was an inexperienced pro se litigant. Under these circumstance, the Court finds that no lesser sanction will compel Plaintiff to comply with the Court's Order. On balance, the Court finds that four of the five factors support dismissal of this action. The Court hereby DISMISSES this case with prejudice. (See ER 5)

The District Court clearly gave careful analysis backed by evidence and concluded "that four of the five factors support dismissal of this action." Therefore, the court did not abuse its discretion in dismissing the case with prejudice.

## 2. APPELLANT VIOLATED MULTIPLE COURT ORDERS.

The first violation was the failure to comply with the Notice to Parties: ADA Disability Access Litigation ("ADA Notice"). The ADA Notice states in pertinent part as follows:

"…Plaintiff is **directed** to serve the ADA Packet on Defendant(s) at the same time the summons and complaint are served, if possible. If, upon receipt of this Notice to Parties, Plaintiff has already served Defendant(s), Plaintiff **must** serve the ADA Packet no later than fourteen (14) days after this Notice to Parties is filed with the Court. Within three (3) days of serving Defendant(s), Plaintiff must file with the Court a proof of service indicating that the ADA Packet was served on Defendant(s). **Failure to comply with these directives may adversely affect Plaintiff's claims**…" (Emphasis mine)

6

The words "directed" and "must" is clearly stated in the ADA Notice making it a requirement and an order of the Court.

The second violation was the failure to comply with the OSC. The OSC states in pertinent part as follows:

"Accordingly, the Court ORDERS as follows:

(1) Within ten days of the entry of this Order, Plaintiff **shall** serve on Defendants the ADA packet referenced above.

(2) Within ten days of the entry of this Order, Plaintiff **shall** file the required proof of service referenced above.

(3) Within ten days of the entry of this Order, Plaintiff **shall** file a separate response to this OSC, setting forth the reason(s) for the failure to comply with the Court's Order." (Emphasis mine)

The court used very strong language "shall" to convey the importance of complying with the order. However, the Appellant shrugged off the order.

Furthermore, there nothing in the record in this appeal to show that Appellant ever complied with the order to serve the ADA packet.

### 3. APPELLANT WAS CLEARLY WARNED.

The OSC warned appellant in pertinent part as follows:

"Failure to comply with any of the Orders enumerated above will result in dismissal of the present action pursuant to Rule 41(b). Repeated failures to comply

with this Court's Orders, may result in dismissal of an action with prejudice, imposition of monetary sanctions, and/or a finding of civil contempt." (ER 3)

Appellant was clearly warned that his case may be dismissed with prejudice but he did not care.

///

///

## CONCLUSION

For the foregoing reasons, Appellee respectfully requests that Appellant's appeal be denied and the lower court's dismissal with prejudice be upheld.

## STATEMENT OF RELATED CASES

There are no related cases that fit the criteria set forth in Circuit Rule 28-2.6.

RESPECTFULLY SUBMITTED this 7th day of June, 2019.

LAW OFFICE OF PHILIP Y KIM, APC


_____s/_____
Philip Y Kim, Attorneys for Appellee Singpoli Group, LLC

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,059 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.

Date: June 7, 2019

LAW OFFICE OF PHILIP Y KIM, APC

_____s/_____
Philip Y Kim, Attorneys for Appellee
Singpoli Group, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I certify that I served on the person(s) listed below by mail the Appellee's Answering Brief.

>Peter Strojnik Sr.
>Suite 600
>7847 North Central Ave.
>Phoenix, AZ 85020
>(One Copy)

Date: June 7, 2019

                                  LAW OFFICE OF PHILIP Y KIM, APC

                                  _____s/_____
                                  Philip Y Kim, Attorneys for Appellee Singpoli Group, LLC